23-12550, Wilson v. Hearos, LLC 23-12550, Wilson v. Hearos, LLC 23-12550, Wilson v. Hearos, LLC This is for each case. Mr. Bradley, five minutes reserved for rebuttal? Five minutes. You can begin when you're ready. There's a broad discussion that plea allegations and plea causes of action to avoid federal court and things of that nature. There's also, the rights of defendants are also implied in the decisions here. But the two main issues are, can a non-party remove a case? And if a non-party does remove a case, is that a waivable procedural defect or is it jurisdictional substantive? Which of course cannot be raised at any time. It's really the second issue though, isn't it? I mean, I think it's pretty clear that a non-party can't remove a case. Yes, Your Honor. I think I misstated that just going through it in my head. I think the issue is, is it a waivable defect? I think that's correct. And I think the clear weight of authority on that issue is it's not waivable. I think it goes to subject matter more than... But isn't there, I think that maybe, at least for me, subject matter jurisdiction is, if you could have filed the lawsuit originally in federal court, then there's subject matter jurisdiction. And in this case, there was diversity, right? And I think there was, is there also a federal question or it was just diversity? It was just diversity. Right. So that case could have been filed in federal court originally. I think original jurisdiction existed in federal court. But, again, a plaintiff has a right to choose not to. I understand that, but that's the difference is there's a question of subject matter jurisdiction versus, for lack of a better word, removal jurisdiction, which is do you have the ability then to remove the case to federal court? Sure. I think the focus is who can remove it to federal court. I think the plaintiff's right to have it in state court is protected by a precondition to removal that original defendant has to be the person to remove it. So the plaintiff has his right to have it in state court. And to be fair to defendants in the case, they have a right to remove it if they so choose. But this goes back to Judge Pryor's question. I don't think anybody's disputing the premise that a non-party, a non-defendant can't remove it. The relevant question is whether or not that affects subject matter jurisdiction of the court. And so Judge Lagoa says, sort of signals, I don't think it does because the question is whether the lawsuit could have been brought in federal court in the first instance, and you've admitted in your brief that it could have been. Sure, it could have been. Right, so then aren't we really at the question of is it really waivable? Is it a waivable defect? The fact that a non-party moved a case that could have been brought originally in federal court. I believe it's a prerequisite or a precondition to jurisdiction in federal court that a party removes it. So your position, just so I understand it, is that because it was not a party who removed it, automatically it is jurisdictionally defective? Yes, Your Honor. Okay. What would be your best support for that? There are a few in the Fifth Circuit, which I know when we were all briefing, it appeared the Eleventh Circuit hadn't touched the issues too much, so the DeJong decision, the Millwood decision. But I actually believe the Eleventh Circuit kind of has touched this issue in Championship Prop, LOC, and Tone. It's a lawsuit that was, you know, there was originally one defendant who then counterclaimed against a few third-party defendants. Counterclaim, a pretty liberal use of that word, but they're third-party defendants that were never actually added to the action. And a motion to remand was put before the court two years after the removal. And so the court had jurisdiction to review it under a grant of an untimely motion to remand. But I think the key language from that decision is that the case had to be put back in state court due to the removal of resulting from non-parties. And the quote I'm looking at here is, because neither Bank of America nor Carrington Mortgage are the original defendant in this case, they were not entitled to remove, this case must return to state court. Let me ask you a slightly different question. Does it matter for purposes of our jurisdictional analysis that the defendant consented to the removal by the non-party or is that just irrelevant? I don't think that matters to the analysis. I don't know if the defendant actually did consent. PIP removed the non-party in this case. I guess they did consent to removal by, you know, having the same counsel and being here. But they didn't move themselves. I guess they didn't object to it, whether they consented to it or not. Maybe another issue. But you don't think that matters. For what it's worth, the notes that I have written to myself is that there was consent. I could be wrong about that, but that's what I've written down to myself. I suppose it could be consent by participating in the federal court proceedings. But, you know, I don't think that matters. I think the original removal, the timely removal of the case happened by the non-party, not a defendant party to the case. And I think that's where the issue kind of stands. But do you agree, let's assume that we're not talking about a non-party, that you do agree that under the statute, 28 U.S.C. 1447, that a motion to remand of any defect other than subject matter jurisdiction has to be made within 30 days. I mean, that's clear. Yes, Your Honor. And that's a waivable procedural defect if you don't do it within 30 days, if it's not subject matter jurisdiction. That sounds right to me. I don't know if I'm misunderstanding the question. I don't think you want to concede that. I might be misunderstanding that question, then. I'm sorry. Yeah, I think you might want to try again, maybe. I think the answer to that question for you has to be no. Then you can fight about why it is no, but I think it has to be no. Can I hear the question one more time? I'm sorry. The question is, under the statute, and I'll just read, a motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days. So do you agree that other than, if it's a defect that's not subject matter jurisdiction, then it's a waivable defect if you don't do it within 30 days? I know I'm supposed to say no. I don't. I think the answer is yes. I think it's subject matter. It's you. Right. Your position has to, your position really is, is that this is a subject matter jurisdiction that a non-party cannot move or cannot remove a case to federal court. Yes, Your Honor. Right. Okay. I just wanted to understand. Thank you. Of course. Thanks for re-asking it. I have several quotes in the brief, so I'm going to sit here and read them to you guys. From district courts and this, okay. Finding it to be a subject matter issue. Okay. Sorry. It seems pretty unanimous among the district courts, at least except in this decision, that this issue is actually one of subject matter. And again, I think it goes back to the right of the plaintiff to have it in state court. I think we've limited who can abrogate that right to either the person being sued to protect their rights or the court with which it's in front of. So to allow a party not vested with the right to abrogate the plaintiff's right to choose where the case is filed, I think speaks directly to subject matter jurisdiction. I think a move by a non-party is, you know, dead on arrival. I think the court never had jurisdiction. And it's a nullity to say whether the court brought it up itself, as happened in this case, or I brought it up, you know, the day they removed it. I think it's a subject matter issue, and that's kind of the end of the analysis on that one. Thank you. And again, I just... Oh, sorry. I thought you were finished. ...is the case I would look at to support that. An untimely motion to remand. It wouldn't have been waived in that case if it truly was waivable. And this court affirmed the district court's grant of remand. Thank you. Thank you. Good morning, Your Honors. Tracey O'Connell, along with Lurvette Blair, on behalf of the Appalachian Heroes. You all have obviously hit it right on the head. It's not the who that removed it. It's the type of the defect that is controlling here. This is a procedural defect, and therefore it is waivable because the plaintiff did not file a motion to remand within 30 days. The decisions that they are relying upon, though, are older decisions that follow from the Millwood case that was abrogated or the Allstate case made clear. Again, you look at the type of the defect, not whether it's a third party or a nonresident defendant party. It's not the who, it's the what. And here, the what was that. This was a case that could have been brought in district court. It had original jurisdiction, and so, therefore, this was incumbent upon the plaintiff to bring forth a motion to remand. And since they did not, it has been waived. And so, the district court was correct in their analysis that this was not a subject jurisdiction or original jurisdiction question as argued by the appellant, but in fact, a procedural defect and then could move forward with the motion to dismiss on the expiration of the statute of limitations. We have cited some examples for you all. And we'll start first with the district court judge who cited to the Segura case that was a non-party. The Championship case is a third party defendant. And so, once you fall outside of a defendant, once you have the wrong person who brings the removal, you put that aside. And so, we believe the Championship case also reflects that and, in fact, states that removal by defendants who are not entitled to remove is a defect. Removal by the resident defendant is a procedural, not a jurisdictional defect. And so, we believe that it's very clear in this case that this should stay in district court. It properly stayed in district court, and then the district court was entitled to rule on the 12B6 motion. Touching on the consent, there was, in fact, consent by HEROES in this case, which I think distinguishes the Rivero decision because you did have the named defendant who was diverse consented to the removal and then participated by jointly filing the motion to dismiss. In terms of some of the decisions that they cite from Texas and the Fifth Circuit, a recent decision, Weeks v. Allstate, kind of walks through how those decisions kind of got led astray and jumps on what a non-party is subject matter jurisdiction. So, I would point that out from our brief as well. Can I ask you a quick question that has been sort of bugging me about this? We've got a bunch of old Fifth Circuit decisions, and typically, like at least the rule in this circuit, is that when there is intra-circuit conflict between decisions, the first-in-time decision controls. And if that rule persists in the Eleventh Circuit from old Fifth Circuit precedent, you know, we've adopted pre-split precedent, does that mean that Millwood is kind of like the controlling case because it was the first one without respect to what Allstate might have tried to do to kind of gloss it because there's conflict within the Fifth, even though I think if I'm remembering correctly, Allstate is a post-split case. It's weird. So, is then Millwood the one that's binding on us, even though Allstate, for Fifth Circuit purposes, for new Fifth Circuit purposes, has kind of corrected that? I don't believe that's the case, Your Honor. I believe that Millwood was decided on grounds that have been abandoned through other decisions, such as reiterating that it's the defendant only that can remove. If you have a non-resident defendant or a third-party defendant, they can't remove. And so I think Millwood kind of missed the boat, at least at the time. It ruled correctly that you aren't going to have jurisdiction. That has since been cleaned up through like the Home Depot decision that made it clear who or who could not remove. But you sort of get the problem that I'm envisioning here. Like the timeline is Millwood is a pre-split case, so it's binding on us, right? Then there's the split. So now the 11th is on its own. After the split, the Fifth Circuit says, whew, not sure we got Millwood right. Correct, Millwood, but that's post-split. So that decision isn't binding on us, whereas Millwood is binding on us. And I understand that. And I think since then you all have had districts in the 11th as well as I think the championship case actually hits the nail on the head and goes back and picks up what the law is, where you have it as the procedural defect. I guess what Judge Newsom is asking is we don't have a case that says that Millwood, like the Fifth, says, hey, Millwood was not correct explicitly. You don't have it explicitly, but you have some that have in fact acknowledged that correction, which is the right correction. And I also wonder, is it possible that Millwood, although Millwood says subject matter jurisdiction, is it possible to judge Lagoa's earlier question that the jurisdictional defect in Millwood is that that case could not have been brought originally in federal court? Is that true about Millwood? I think that is correct, Your Honor, and I think that's right. I think those cases that kind of lost their way, lost their way because they weren't distinguishing between original jurisdiction and subject matter jurisdiction. And that's why I think the Weeks case is instructive because it walks through how they lost their way. But yes, going back to the original jurisdiction, this case before you could in fact have been brought in district court, there was diversity jurisdiction. So the removal jurisdiction is different, and that's what makes this case appropriate to have stayed in district court and that Judge Wood was correct in finding that the plaintiff, by not moving to remand, had waived that defect. If there's no further questions on that kind, I would just touch briefly. It was not raised by appellant, but the 12B6, the court correctly dismissed this case. There's no doubt there was a lack of diligence and no doubt there was a lack of great possible diligence under Georgia's substantive law. And so once you put aside that this jurisdictional question is correctly decided because it was a defect, it wasn't the who, the defect, then it naturally flowed that the dismissal was correct and we would ask that you affirm that decision. If there's no further questions, I will yield. Thank you. Thank you. Rebuttal? I'll be as fast as I can. I spent some more time thinking about this waivable procedural issue. Really, I think it might not fall within the ambit of procedural issues that can be waived. I think those might speak to, again, parties in a case. So if it's a procedural defect from someone who's not protected by that statute, such as a non-party, I think that's an issue that might not be waivable. As far as Millwood still being controlled on this court, I agree Millwood's kind of the start of all of this and then there's the splits of the court. And I think since then the 11th Circuit has gone in the direction of it being a subject matter issue. I think all the district courts have even picked up on that through these decisions from the early 2000s up to championship prop. Am I wrong about there being sort of a more fundamental jurisdictional defect in Millwood in the sense that it couldn't, that case actually couldn't have been brought in federal court to begin with, unlike this one? In Millwood, there were different defenses to jurisdiction. I think there was an immunity of a federal officer for one of them. I don't know if the discussion goes so far as to say jurisdiction in federal court was completely improper. I know it's the one defendant, it may have been. Rule 21 was severability. Other things could have come into effect. I just don't think the decision went that far. And just with two minutes left, I just want to touch on the 12B6, the motion to dismiss. I don't think the court needs to get to that issue. Again, I think it should be remanded to state court. But as far as timeliness, the district court itself made a factual finding that plaintiff was timely in attempting to serve heroes, the proper party to this case, up until the time of removal. And, you know, there's authority out there, like Cantrell, where if a case isn't time barred in state court, Rule 4M kicks in for service, so there would be an additional 90 days to perfect service. I don't think there's any question that service was perfected after the fact, within that 90 days. Heroes even withdrew one of the service defenses under Rule 12B5. And, again, I think it's important about the plaintiffs, right? So under Georgia state law, had they entered in state court and raised these same service defects, plaintiff could have perfected service, dismissed the case, remanded the lawsuit, and it would have dated back to the time of filing. When it gets removed to federal court, he kind of loses that right. But in the interest of fairness and protecting the rights of the litigants, Rule 4M kicks in to kind of give them, you know, give plaintiffs that chance to still correct problems with service, even without the protections of, you know, Georgia renewal statute. And as far as I know, there's not an equivalent of that at that rule also. I think that's the way that courts and Congress have sought to protect those rights of litigants. They are important. And so what we're asking for is that this case should be remanded to state court and the decision reversed. But, you know, if this court finds there is jurisdiction, I still think the 12B6 decision should be reversed as well. Thank you. Thank you. Our next case.